IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA BILLY                                                                                         PLAINTIFF

vs.                                    Civil No. 4:08-cv-04003

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Melissa Billy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff initially filed her applications for DIB and SSI on January 31, 2000. (Tr. 16). Plaintiff alleged she was disabled due to back and neck pain. (Tr. 109). Plaintiff alleged an onset date of May 14, 1999. (Tr. 110). These applications were initially denied and were denied again on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 16).

Plaintiff requested an administrative hearing on her applications, and following the hearing, the ALJ entered unfavorable decision finding Plaintiff was not disabled. This decision was made on May 30, 2003. (Tr. 16). Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision, but the record could not be located or reconstructed. (Tr. 287).

Plaintiff filed subsequent applications for DIB and SSI on June 25, 2003. (Tr. 287). These applications were initially denied on September 30, 2003 and were denied again on reconsideration on December 22, 2003. (Tr. 44-51). Plaintiff requested an administrative hearing on her applications, and a hearing was held on April 15, 2005 in Texarkana, Arkansas. (Tr. 308-340). On September 21, 2005, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 279-284).

On October 17, 2005, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 285). On February 24, 2006, the Appeals council ordered these claims be joined and the case was remanded to the same ALJ for further action necessary to complete the administrative record and render a new decision. (Tr. 287-288).

A subsequent hearing was held on April 28, 2006 in Texarkana, Arkansas. (Tr. 341-372). Plaintiff was present and was represented by counsel Evelyn Brooks, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") William Elmore, and Medical Expert Dr. Henry Hamilton testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 71, 332).

On June 22, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications

2

for DIB and SSI. (Tr. 16-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2004. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 21, Finding 2).

The ALJ determined Plaintiff had the severe impairments of post operative severe cervical disc disease and back pain. (Tr. 21, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 3).

In this decision, the ALJ stated that he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 21, Findings 4, 7). The ALJ reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 21, Finding 7). Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant has the residual functional capacity to lift and carry 10 pounds occasionally; she could stand or walk for 6 hours in an 8 hour day; one hour without interruption; she could sit for 6 hours with 45 minutes to 1 hour without interruption. She could occasionally climb stairs, balance, stoop, crouch, kneel, and crawl; and she has no limitations in feeling, handling, or reaching; and she has no environmental limitations.

20 C.F.R. § 416.967(b) (2009).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 21, Findings 6, 11). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 332, 369-371). The VE testified that a hypothetical person with Plaintiff's RFC could not return

to Plaintiff's PRW. (Tr. 370).

However, the VE also testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 370-371). For example, the VE testified such a hypothetical person could perform work as a receptionist (20,000 such jobs Regionally and 586,000 in the nation) and as an accounting clerk (15,000 such jobs Regionally and 338,000 in the nation). (Tr. 20-21, Finding 11). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 21, Finding 12).

On August 11, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 11-12). *See* 20 C.F.R. § 404.968. On November 9, 2007, the Appeals Council declined to review this determination. (Tr. 7-9). On January 16, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on January 30, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 11). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred in his *Polaski* evaluation of her subjective complaints of pain, (2) the ALJ erred in determining Plaintiff's RFC, (3) the ALJ erred in failing to properly consider the opinions of Plaintiff's treating physicians, and (4) the ALJ did not fully and fairly develop the record. In response, Defendant argues (1) the ALJ properly evaluated Plaintiff's subjective complaints, (2) the ALJ properly determined Plaintiff's RFC, (3) the ALJ properly rejected unsupported treating physician opinions, and (4) the ALJ fully and fairly developed the record.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). In his analysis of Plaintiff's subjective complaints, the ALJ found Plaintiff took only anti-inflammatory medication and occasional pain medicine, with no reported side effects. Based on these findings, the ALJ concluded the medical records did not support Plaintiff's claims of aggravating factors and functional limitations. (Tr. 15). This was the extent of the ALJ's *Polaski*

analysis. The ALJ did not address any of the other factors in either *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. This analysis is not sufficient to comply with the requirements of *Polaski* which require consideration and analysis of all of the foregoing factors.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of March, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.